UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JANE HINRICHS, JEFFREY HART,

          Plaintiffs,

   v.

LEANNE BURWELL, LOUIS G. BURWELL, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,[1]

          Defendants.

CASE NO. 2:21-cv-00080-RAJ-BAT

**REPORT AND RECOMMENDATION**

Before the Court is the Motion to Sever of Defendant Allstate Insurance Company ("Allstate"), pursuant to Fed.R.Civ.P. 21. Dkt. 6. Allstate contends that Plaintiffs Jane Hinrichs and Jeffrey Hart impermissibly joined a negligent driving claim against Defendants Leanne Burwell and Louis G. Burwell ("the Burwells"), with breach of contract and bad faith claims against Allstate, to prevent removal based on diversity jurisdiction.

Having considered the parties' submissions, relevant portions of the record, and applicable law, the undersigned recommends that the motion be granted.

<u>STATEMENT OF FACTS</u>

On July 22, 2018, Ms. Hinrichs was injured in an incident involving a car driven by Ms. Burwell. Dkt. 1-1 ("Compl."), ¶¶ 2.1–2.4. At the time of the incident, USAA insured Ms.

---

[1] Plaintiffs agree to amend their complaint to name the proper party defendant as Allstate Insurance Company.

REPORT AND RECOMMENDATION - 1

Burwell under an automobile insurance policy that included bodily injury liability coverage up to $50,000. *Id*. ¶ 2.5. Plaintiffs maintained two separate automobile insurance policies with underinsured motorist (UIM) coverage – one with GEICO in the amount of $100,000 per person/$300,000 per accident and another with Allstate for $250,000 per person/$500,000 per accident. Dkt. 14, Declaration of Maridith E. Ramsey ("Ramsey Decl."), ¶ 4; Compl., ¶ 2.7. GEICO, which is not a party in this lawsuit, resolved its claim with Plaintiffs by agreeing to tender the full amount of its UIM policy. Compl., ¶ 2.10.

On October 28, 2019, Plaintiffs made a claim to USAA for the limits of its policy:

> Please note that this is not an offer to accept your insured's liability limit. Before our client can consider accepting your insured's minimal liability limit, we must have the following:
>
> (1)   written verification of the policy limits applicable to this claim;
>
> (2)   verification that your insured has no other insurance which may cover this loss; and,
>
> (3)   confirmation that our client's UIM carrier(s) have refused a *Hamilton* buy-out of the underlying third-party claim.

Dkt. 14, Ramsey Decl., Ex. 2. On November 8, 2019, USAA, on behalf of Ms. Burwell, agreed to settle Plaintiff's claim for $50,000, the full amount demanded by Plaintiffs. Dkt. 3, Declaration of David Bamford ("Bamford Decl.), pp. 7– 8.

On November 21, 2019, Plaintiffs made a claim to Allstate for UIM benefits under the Allstate policy and sought approval of the USAA settlement from Allstate:

> The tortfeasor's policy limits with USAA are only $50,000. We enclose a copy of the offer and Declaration page for your reference. We will send you confirmation of the policy limits when received.
>
> We expect that USAA will offer, or has offered, its policy limits in relation to our client's claim. So as not to prejudice your company's right of subrogation pursuant to *Hamilton v. Farmers Insurance*, 107 Wn.2d 721, 722 P.2d 213 (1987), your insurance company has the option to purchase our client's cause of

      action against the tortfeasor for the sum of $. If you do not wish to purchase our client's cause of action, we request that you waive your subrogation rights so that we may discuss possible settlement with our client.

Dkt. 3, Bamford Decl., ¶ 3, Ex. A; Compl. ¶ 2.13; Dkt. 14, Ramsey Decl., Ex. 1 (the "*Hamilton* buyout letter"). Ms. Ramsey states that Allstate never responded to the *Hamilton* buyout letter, thus frustrating Plaintiffs' efforts to settle their claims against the Burwells. Dkt. 14, Ramsey Decl., ¶¶ 7, 15. However, on November 25, 2019, David Bamford of Allstate sent an email to Teresa Penney, Senior Litigation Paralegal at Ms. Ramsey's office, stating:

      Please understand that I cannot yet agree to waive our share of the PIP subrogation until I have had a chance to evaluate the injury claim and I would suggest, that you hold 2/3 of the PIP subrogation in trust for now. **However, you may proceed with settlement and we will not seek a buyout**. We will keep our Underinsured Motorist Bodily injury claim open at this time pending further review while retaining rights to offset the underlying carriers['] settlement and Medical Payments made applicable to any Underinsured Motorist Bodily Injury claim.

Dkt. 3, Bamford Decl. ¶ 4, Ex. B (emphasis added). Ms. Penney replied "Acknowledged. Thank you." *Id*. Plaintiffs never finalized the settlement with the Burwells. Dkt. 2, Case Decl. ¶ 4.

      On December 21, 2020, Plaintiffs filed this lawsuit against Allstate and the Burwells. Compl. ¶¶ 1.1–1.3. Plaintiffs and the Burwells are citizens of Washington State; Allstate is a citizen of Illinois and Delaware. *Id*. ¶¶ 1.1–1.2; Dkt. 1 ¶ 13.

      Plaintiffs allege that Allstate wrongly failed to pay UIM benefits owed to Ms. Hinrichs and unreasonably handled her UIM claim. Compl. ¶¶ 2.16–2.18, 2.23–2.29. Plaintiffs assert claims against Allstate for (1) breach of contract, (2) violation of the Insurance Fair Conduct Act ("IFCA"), (3) common law insurance bad faith, and (4) violation of the Consumer Protection Act ("CPA"). *Id*. ¶¶ 4.1–7.4. Plaintiffs allege that Ms. Burwell injured Ms. Hinrichs while negligently operating a car. Compl. ¶ 3.3.

REPORT AND RECOMMENDATION - 3

1   On January 21, 2012, Allstate timely removed this matter on diversity grounds under 28

2   U.S.C. §§ 1332 and 1441 (Dkt. 1 ¶¶ 10, 26) and filed the instant motion to sever. Dkt. 6.

## DISCUSSION

Allstate argues for severance of Plaintiffs' negligence claim against the Burwells because the requirements of permissive joinder have not been met. *See* Fed.R.Civ.P. 20(a). Allstate seeks a severance pursuant to Fed.R.Civ.P. 21, which gives the court the power to remedy the misjoinder of parties on motion of a party (by adding or dropping a party or by severing any claim against a party). *See also Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008) (severing and remanding misjoined claims against non-diverse defendants); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 685 (D. Nev. 2004) (same).

For removal to be valid based on diversity jurisdiction, 28 U.S.C. § 1332(a) "requires complete diversity of citizenship." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001). "Under our dual court system[, if] a potential plaintiff has a choice between a state forum and a federal forum, it is his privilege to exercise that choice subject to legal limitations, and if he can avoid the federal forum by the device of properly joining a [non-diverse] defendant or a [non-diverse] co-plaintiff, he is free to do so." *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir.1977). However, where the non-diverse party cannot be properly joined under the federal rules, other interests prevail over that of permitting a plaintiff's choice of forum.

The declarations of counsel submitted in support of (Dkt. 2, Case Decl.), and in opposition to (Dkt. 14, Ramsey Decl.), the motion to sever, vastly differ as to Plaintiffs' motivation in joining the Burwells in this action. Plaintiffs object that Mr. Case's declaration contains hearsay and Allstate objects that Ms. Ramsey's declaration contains false statements. At

this stage of the proceeding, evidence need not be produced in a form that is admissible at trial so long as the contents are admissible. *See*, *e.g*., *Garcia v. Wal Mart Stores*, 207 Fed. Supp. 3d 1114, 1122 (C.D. Ca. 2016). The court may disregard hearsay evidence if it is submitted without argument that the hearsay declarant would be available to testify at a hearing or trial. *Id.* Also, admission of actions to defeat diversity and attorney's statements made on behalf of clients are admissible as an admission of the party.

The court has given due consideration to the relevant and admissible portions of the parties' declarations. Regardless of whether Plaintiffs purposefully acted to destroy diversity, it is clear here that the parties in Plaintiffs' complaint are procedurally misjoined.

Pursuant to Fed.R.Civ.P. 20(a), permissive joinder of plaintiffs "is proper if (1) the plaintiffs assert[ ] a right to relief arising out of the same transaction and occurrence and (2) some question of law or fact common to all the plaintiffs will arise in the action." *Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1296 (9th Cir.2000) (citing Fed.R.Civ.P. 20(a)) (emphasis omitted). Further, "[e]ven once these requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Id*. (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir.1980)).[2]

---

[2] Plaintiffs' reliance on cases under Rule 42 are inapposite and inapplicable. As correctly noted by Allstate, bifurcation and severance are not interchangeable, but are different procedural mechanisms that apply in different situations with different standards. *See Gaffney v. Riverboat Servs. of Ind., Inc*., 451 F.3d 424, 442 (7th Cir. 2006) (explaining that severance under Rule 21 is appropriate when claims are "discrete and separate," while bifurcation under Rule 42 is appropriate "where claims are factually interlinked, such that a separate trial may be appropriate, but final resolution of one claim affects the resolution of the other").

REPORT AND RECOMMENDATION - 5

Plaintiffs argue that the claims are properly joined because they arise from the same occurrence – the car accident. This is an oversimplification and does not adequately address the requirements of Rule 21. Certainly, if the car accident had not occurred, Plaintiffs' would not have sought UIM benefits from Allstate for injuries stemming from that accident. However, Allstate and the Burwells are not jointly and severally liable. While Plaintiffs' negligence claim against the Burwells arises directly from the car accident, that claim is separate and distinct from Plaintiffs' breach of contract and bad faith claims against Allstate, which claims arise directly from the contractual relationship between Plaintiffs and Allstate.

Additionally, Plaintiffs' claim against the Burwells does not involve questions of law or fact that are common to Allstate. The alleged wrongful conduct of Ms. Burwell (negligent driving) has absolutely no bearing on the alleged wrongful conduct of Allstate (failure to pay UIM benefits and mishandling of UIM claim). *See Beaulieu v. Concord Grp. Ins. Co.*, 208 F.R.D. 478, 480 (D.N.H. 2002) ("The ultimate issue in Plaintiff's claim against [insurer] is not whether [driver] was negligent, but whether Plaintiff is entitled to compensation under her insurance policy for the injuries she incurred in the accident."). The facts necessary to prove Plaintiffs' negligence claim against the Burwells relate to the car accident itself, while the facts necessary to prove Plaintiffs' contract and bad faith claims involve events that occurred more than a year after the incident and relate to how Allstate handled and investigated Plaintiffs' UIM claim. The two sets of claims are legally and factually distinct.

In a factually similar case, the district court held that the plaintiff misjoined a negligence claim against the non-diverse driver with bad faith claims against the plaintiff's insurer. *Pena v. McArthur*, 889 F.Supp. 403, 406 (E.D. Cal.1994). In *Pena*, the plaintiff was injured in a car accident involving an uninsured driver. *Id*. at 404. The plaintiff sued the driver for negligence

REPORT AND RECOMMENDATION - 6

and her insurer for bad faith in state court. *Id*. The insurer removed the case to federal court, arguing that the driver was improperly joined. *Id*. at 405. After removing the case, the insurer moved to sever the negligence claim against the driver under Rule 21. *Id*. The district court granted the motion, holding that the driver and the insurer had been misjoined because the two sets of claims were separate and distinct:

> [I]n this case, there were two occurrences or transactions—the automobile accident between plaintiff and [the driver] and the alleged breach of fiduciary duty by State Farm in handling plaintiff's claim. These are two distinct torts (negligence and bad faith claim) committed by different defendants at different times, and they resulted in the invasion of separate legal interests. . . . Accordingly, joinder is improper.

*Id*. at 405-406 (relying on *Gruening v. Sucic and State Farm Mutual Insurance Company*, 89 F.R.D. 573 (E.D.Pa.1981). Here, there are two distinct torts committed by different defendants at different times, which resulted in the invasion of separate legal interests. Accordingly, joinder is improper.

Severance of Plaintiffs' claims against the Burwells will not result in prejudice to either party. The litigation is in its infancy and the parties have not yet begun discovery. Because the claims against the Burwells are separate and distinct, severing Plaintiffs' claim against them will not duplicate work or increase the cost of litigation because the alleged torts require separate discovery and proof, which are not interchangeable. To prove their claims against the Burwells, Plaintiffs will require discovery from Ms. Burwell to show Ms. Burwell was negligently driving her vehicle, along with discovery from Ms. Hinrichs' medical providers to show Ms. Hinrichs suffered injuries from the accident. Alternatively, Plaintiffs may pursue whatever information they deem requisite to finalizing their settlement with USAA. In contrast, to prove their claims against Allstate, Plaintiffs will require discovery from Allstate regarding its claims-handling processes to show that Allstate mishandled Plaintiffs' insurance claim.

REPORT AND RECOMMENDATION - 7

Thus, the undersigned concludes that joinder of the Burwells here is improper and recommends that Plaintiffs' claims against the Burwells be severed. *See* Fed.R.Civ.P. 21; *see also Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008) (severing and remanding misjoined claims against non-diverse defendants); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 685 (D. Nev. 2004) (same).

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **March 10, 2021**. The Clerk should note the matter for **March 12, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed five (5) pages. The failure to timely object may affect the right to appeal.

DATED this 23rd day of February, 2021.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 8