1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JANE HINRICHS, JEFFREY HART,

                Plaintiff,

      v.

ALLSTATE INSURANCE COMPANY,

                Defendant.

CASE NO. 2:21-cv-00080-RAJ-BAT

**ORDER GRANTING MOTION TO COMPEL**

11
12
13
14
15
16
17
18

      Defendant Allstate Insurance Company seeks an order compelling Plaintiff Jane Hinrichs (hereinafter "Plaintiff") to fully answer interrogatories and produce documents related to her alleged injuries and damages, need for future surgery, and alleged bad faith conduct of Allstate's handling of her underinsured motorist ("UIM") claim; an order compelling Plaintiff to work cooperatively with Allstate in engaging an e-discovery vendor at Allstate's expense; and for an award of attorney fees pursuant to Fed. R. Civ. P. 37(a)(5). Plaintiff does not dispute that the discovery sought by Allstate is relevant, but argues that it is cumulative and duplicative, overly broad, harassing and annoying. Dkt. 39.

19
20

      Having carefully reviewed the parties' submissions, the Court finds that Allstate's motion should be granted.

21

<u>BACKGROUND</u>

22
23

      This case arises from a motor vehicle accident at the Kingston ferry terminal on July 22, 2018. Plaintiff, who was a passenger in a car driven by her friend, Leeanne Burwell, got out of the car near the ticket booth just as Ms. Burwell, as instructed by the ticket attendant, pulled

forward. The car's tire rolled over Plaintiff's right foot/ankle and fractured her right ankle.

Plaintiff claims $950,000 in general damages and for pain and suffering and $25,000 in future

treatment related to her injury. Plaintiff asserts the injury continually and adversely impacts all

aspects of her life, work and relationships with her husband, family, and friends, and with

hobbies and activities Plaintiff engaged in prior to the accident. Dkt. 1-1, ¶ 3.5; Declaration of Al

Roundtree ("Roundtree Decl."), Ex. A (Rog. Nos. 3 and 5); Ex. B.

Plaintiff asserted a claim against Ms. Burwell, whose insurance carrier, USAA, offered

$50,000 policy limits. Plaintiff has not accepted this offer. Plaintiff also made a UIM claim to

her insurer Geico and to her husband's insurer, Allstate for their combined policy limits of

$250,000.00. Both the Geico and Allstate policies contain "anti-stacking" provisions that limit

Plaintiff's total UIM recovery to the maximum benefits payable by the policy with the highest

UIM limit, with Geico and Allstate each to bear its proportional, pro-rata share of the maximum

amount. Allstate's policy has the highest UIM limit ($250,000) and thus, Plaintiff's combined

recovery from Geico and Allstate may not exceed this amount. As Plaintiff has already recovered

$100,000 from Geico, she can recover only an additional $150,000 from Allstate in UIM

benefits.

After evaluating her claim, Allstate applied an offset for USAA's $50,000 policy limits

offer and the $10,000 in PIP benefits that Allstate had already paid, and offered Plaintiff an

additional $130,365.69 in UIM benefits, plus *Winters* fees. Plaintiff rejected the offer and

refused to negotiate. Dkt. 37 at 3. Plaintiff sued Allstate seeking UIM policy limits and alleged

bad faith and violation of the Insurance Fair Conduct Act ("IFCA") and Consumer Protection

Act ("CPA").

1

<u>DISCUSSION</u>

2

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

3

party's claim or defense...." Fed. R. Civ. P. 26(b)(1). Information is relevant if it is "reasonably

4

calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor*

5

*Prods*., 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp*., 960

6

F.2d 1465, 1470 (9th Cir. 1992)). In addition to relevance, the Court must determine whether

7

discovery is proportional, "considering the importance of the issues at stake in the action, the

8

amount in controversy, the parties' relative access to relevant information, the parties' resources,

9

the importance of the discovery in resolving the issues, and whether the burden or expense of the

10

proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

11

The Court has broad discretion to compel disclosure of discovery. *Phillips ex rel. Estates*

12

*of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). "The party who resists

13

discovery has the burden to show that discovery should not be allowed, and has the burden of

14

clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed*

15

*Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997). Pursuant to Fed. R. Civ. P. 37(a)(4), an

16

evasive answer is treated as a failure to respond.

17

At issue are Plaintiff's responses to Interrogatories ("Rogs") 3, 6, 7, 11, 13-14, and 16;

18

and Requests for Production ("RFP") 2-6, 14-20, 22-24, 26-27, 41-42, 46-48. *See* Dkt. 38,

19

Declaration of Al Roundtree, Ex. A; Ex. B. It is undisputed that the areas of inquiry included in

20

these discovery requests are relevant to Plaintiff's claims and Allstate's defenses.

21

A.    <u>Rogs 3, 11 and RFPs 46-48 – Plaintiff's Alleged Injuries</u>

22

In her Complaint and UIM demand, Plaintiff asserted a claim for $25,000 in future

23

treatment, for an ankle fusion surgery, which she claims is required on a more probable than not

basis. See Dkt. 1-1, ¶ 3.5; Dkt. 38, Roundtree Decl., Ex. A (Rogs 3 and 5); Ex. B. In Rogs 3 and 11, Allstate asks Plaintiff to provide information regarding the status of her injuries including, the type and cost of future care or treatment, and the identity of any doctor or medical provider that recommended, opined, or directed that Plaintiff will need or require future ankle surgery. In RFPs 46-48, Allstate seeks documents relating to Plaintiff's claim that she needs future ankle surgery.

In response to these discovery requests, Plaintiff stated that she has not yet been evaluated for future care or treatment (Dkt. 39, p. 3), and that she has no responsive documents. Dkt. 38, Roundtree Decl., Ex. A, pp. 52-53. Plaintiff's responses to the requests for production were not provided under oath.

Given Plaintiff's asserted claim that she suffered permanent and debilitating injuries to her ankle requiring future treatment and surgery, Allstate's motion to compel a more definitive response is not unreasonable. Certainly, Plaintiff is not expected to produce documents that do not exist. However, Plaintiff must respond to these requests to the best of her ability and, "when a response to a production of documents is not a production or an objection, but an answer, the party must answer under oath." 7 James Wm. Moore et al., Moore's Federal Practice, § 34.13[2][a], at 34–57 (footnote omitted); *see also Schwartz v. Mktg. Publ'g Co*., 153 F.R.D. 16, 21 (D.Conn.1994) (citing cases establishing that the absence of possession, custody, or control of documents that have been requested must be sworn to by the responding party).

Accordingly, the Court **GRANTS** Allstate's motion to compel further answer to these interrogatories; Plaintiff is **ORDERED** to provide an answer that either: (a) identifies the doctor and the substance of the recommendation or opinion (including the cost and timeframe of such treatment); or (b) states that no doctor has recommended or opined Plaintiff needs future surgery

ORDER GRANTING MOTION TO COMPEL - 4

or treatment. Plaintiff is further **ORDERED** to produce the responsive documents or, in a properly executed response, attest that the documents do not exist. If Plaintiff is later evaluated for future ankle surgery, she may supplement her responses pursuant to Fed. R. Civ. P. 26(e)(1)(A).

B.      Rogs 13, 14 and RFPs 2-6, 14-16, 19, 22-24, 26-27, 41-42 – Accident Related Damages

Plaintiff asserts that she experiences ongoing pain and disability that adversely affects and limits her daily activities:

> Additionally, prior to the accident, I was generally a happy, friendly, helpful and outgoing person. I was physically active in sailing, biking, hiking, gardening, walking the dog, running 5ks, motorcycling as a passenger, crabbing, cross-country skiing, thrift store shopping with friends, and entertaining at our home. After the accident, everything changed. I could not do all the same activities that I did before. I was bed-ridden, in pain, and could not walk, drive, stand, and needed assistance with everything – things such as cleaning the house, cooking meals, laundry, bathing, dressing, and I was unable to work at my job. For the first two years after the accident, I was depressed, frustrated, moody, anxious, and irritable. Today, I have recovered a lot of my function. I still suffer from shooting pain to dull aches any time I participate in a physical activity. I am unable to use my right foot to its fullest extent, as each time I try, I experience pain.

Dkt. 38, Roundtree Decl., Ex. A (Rog No. 3).

In Rog 13, Allstate asked Plaintiff to identify and describe in detail every vacation or trip she has taken since January 1, 2016, including details of the location, fellow travelers, mode of transportation, accommodations, length of trip and a description of what she did on each trip. In her answer, Plaintiff listed several cruises, camping trips, and road trips she participated in between September 2018 and March 2021. However, Plaintiff did not identify or describe in detail what she did, or the activities she engaged in, on the various trips she listed. Plaintiff also did not include any vacations and trips prior to the accident. Dkt. 38, Roundtree Decl., p. 18.

In Rog 14, Allstate Plaintiff to identify and describe in detail her social, hobby, and recreational activities since January 1, 2016, including the frequency, location, fellow

ORDER GRANTING MOTION TO COMPEL - 5

1    participants, and length of activities. *Id.*, p. 19. In her answer, Plaintiff generally described the

2    activities she enjoyed with her husband and states that they were always doing something

3    together every day. However, Plaintiff did not describe the frequency, date, location, fellow

4    participants, or length of the activities.

5           In RFPs 2-6, 14-16, 19, 22-24, 26-27, and 41-42, Allstate requested documents (including

6    all emails, texts, photos, videos, and social media) relating to the accident, Plaintiff's UIM claim,

7    Allstate, and this lawsuit; Plaintiff's physical, mental, and emotional injuries, and any other

8    general damages caused by the accident; Plaintiff's trips, hobbies, social and leisure activities,

9    and quality of life; and Plaintiff's communications to disclosed witnesses and other third parties

10   regarding the accident, Allstate, her UIM claim and the lawsuit, her damages, her activities,

11   lifestyle, and damages. There is no dispute that these areas of inquiry are relevant to Plaintiff's

12   claims and Allstate's defenses. As to Plaintiff's trips, hobbies, and activities, Allstate seeks

13   information from January 1, 2016 to the present. *See, e.g.*, Rog 13 and RFP 22.[1]

14          Plaintiff responded that she had conducted a thorough search of her email, mobile phone,

15   and Facebook account and that she has no further responsive documents. *See, e.g.*, Dkt. 38,

16   Roundtree Decl., Ex. A, pp. 22-23. However, Plaintiff did not provide a sworn statement

17   explaining what search, if any, she made to arrive at the conclusion that she has no responsive

18   records. Therefore, the Court is unable to determine whether she has in fact, conducted a

19   thorough search and whether she could locate and produce the responsive materials.

20

21

22   _____

23   [1] RFPs 26 and 27 indicate a timeframe of January 1, 2015 to the present. It is not known if this is
     a typographical error. In any event, the Court concludes that any Rog and RFP which seek
     information prior to the accident should consistently cover the timeframe of January 1, 2016 to
     the present.

ORDER GRANTING MOTION TO COMPEL -
6

Moreover, although Plaintiff described several trips, including a 9-day cruise, a 30-day truck and camper trip, and a 22-day road trip during the last year (*see id.* at Rogs 13 and 14), she produced no responsive emails and texts and only a few selected photos (19 photographs of her in the hospital, wearing a boot or cast, and x-rays of her ankle). Based on a cursory review of Plaintiff's and others' public Facebook profiles, Allstate reports that there are many more relevant, responsive photos Plaintiff did not produce. Dkt. 37, p. 5. Allstate's counsel recommended using an e-discovery vendor to search for, collect, and produce Plaintiff's emails, text messages, photos, videos, and social media content responsive to Allstate's requests for production from her computer, tablet, cell phone, email, electronic/cloud storage, and social media accounts, but Plaintiffs' counsel refused. *Id.*

Plaintiff claims she is permanently disabled, her pain continues to severely affect and limit her regular life activities, and she cannot participate in the same activities she enjoyed before the accident. Dkt. 38, Roundtree Decl., Ex. A (Rog Nos. 3 and 5). Thus, the relevant time period here includes the time "prior to the accident" and Allstate is allowed this discovery to test her claims of permanent disability, loss of enjoyment of life, and pain and suffering.[2]

Plaintiff also contends that Allstate's discovery requests are cumulative and duplicative. However, upon review of the language of the requests, the Court concludes that the requests seek different information, communications, and documents about different topics, *albeit* some of Plaintiff's documents and communications may be responsive to multiple requests. Plaintiff further contends that Allstate's discovery requests are overly broad and burdensome. The Court

---

[2] Thus, Plaintiff's reliance on *Soderstrom v. Skagit Valley Food Co-op*, No. C18-1707 MJP, 2019 WL 3944327, at *2 (W.D. Wash. Aug. 21, 2019), is misplaced. In that case, the District Court compelled discovery of the plaintiff's social media for the relevant time periods. Here, as described in Plaintiff's claims, the relevant time periods include the time *before* the accident.

ORDER GRANTING MOTION TO COMPEL - 7

finds that the requests are not overly broad. As previously noted, Plaintiff placed her lifestyle and activities prior to the accident directly at issue by claiming that her physical activities prior to the accident far exceeded what she is can do now. There is also no burden to Plaintiff as Allstate has offered to hire an independent third-party e-discovery vendor to access Plaintiff's electronic devices and online accounts to retrieve, download, and produce Plaintiff's social media, texts, emails, photos, and videos relevant and responsive to Allstate's requests for production. Moreover, any privacy issues asserted with respect to Plaintiff's answers and/or documents may be appropriately addressed and/or added to the Court's model stipulated protective order. The Court expects the parties to confer and present a stipulated protective order for the Court's signature if one is deemed necessary.

Therefore, the Court **GRANTS** Allstate's motion to compel further responses to these requests and authorizes Allstate to hire a third-party e-discovery service, at no cost or burden to Plaintiff, to access her devices and accounts and locate and produce emails and texts, photos, videos, and social media content that relate to, support or refute: (1) the accident, her UIM claim, Allstate, and the instant lawsuit (RFPs 2-6); (2) Plaintiff's physical, mental, and emotional injuries, and any other general damages caused by the accident (RFPs 14-16, 19, and 22); (3) Plaintiff's trips, hobbies, social and leisure activities, and quality of life, and the events from the day of the accident (RFPs 22-24, and 41-42); and (4) Plaintiff's communications to disclosed witnesses and other third parties regarding the accident, Allstate, her UIM claim and the lawsuit, her damages, her activities, lifestyle, and damages (RFPs 22, 26-27). The vendor search of the foregoing shall be limited to emails, text messages, and other communications between Plaintiff and the *people she listed as having relevant information Plaintiff* since January 2016. Plaintiff is **ORDERED** to make her devices and account login information available to the vendor.

ORDER GRANTING MOTION TO COMPEL -
8

C.    <u>Rog 6 and RFPs 18-19 – Wage Loss</u>

Plaintiff claims wage loss caused by the accident as part of claim for UIM benefits. Dkt. 38, Roundtree Decl., Ex. A (Rog No. 6); Ex. B. In Rog 6 and RFPs 18-19, Allstate requested basic information about Plaintiff's alleged wage loss, loss of earning capacity, and other economic damages caused by the accident. In response, Plaintiff stated that [she] "will claim lost wages in an amount to be determined and supplemented." *Id.*, p. 10. Plaintiff Hinrichs also stated that she was willing to sign an authorization to allow collection of her employment records "for 7/22/2018 – present from Swedish Hospital and Jeff Hart, M.D." *Id.*

The Court finds that Plaintiffs' answer is evasive and improper. Allstate is entitled to a current, dollar figure calculation of Plaintiffs' purported economic damages including lost wages and the other relevant details requested in the interrogatory. *See Rivers v. Washington State Conference of Mason Contractors*, 145 Wn.2d 674, 691, n. 66 (2002) (deeming answers to damages interrogatories—similar to Plaintiffs' responses in this lawsuit— as "evasive and incomplete"); *see also Brantigan v. Depuy Spine, Inc.*, 2008 WL 4279405, at *2, *5 (W.D. Wash. Sept 12, 2008) (ordering plaintiff to provide a computation of damages and related documents); *see also* Fed. R. Civ. P. 26(a)(1)(A)(iii).

Accordingly, the Court **GRANTS** Allstate's motion to compel and **ORDERS** Plaintiff to fully quantify and substantiate her alleged wage loss and to fully answer Rog 6 and produce documents responsive to RFPs 18 and 19.

D.    <u>Rogs 7, 16 and RFPs 20, 49 –Bad Faith Claim and Alleged Damages</u>

Plaintiff's core allegation is that Allstate improperly handled and undervalued her UIM claim and such conduct damaged her. Specifically, she alleges Allstate acted in bad faith when it "failed to investigate or review jury verdicts involving the same or similar injuries as those

1    suffered by plaintiff"; and failed to respond to her attorney's March 11, 2020 request "that

2    Allstate re-evaluate the claim and perform jury verdict research." Dkt. 1-1 at ¶¶ 2.18-2.20.

3              1.       Rog 7 and RFP 20

4              In these discovery requests, Allstate seeks the basis/calculation of Plaintiff's alleged

5    damages caused by Allstate and documents that relate to support, establish, refute or negate

6    Plaintiff's alleged damages. In response, Plaintiff states she has suffered past and future general

7    damages and opportunity costs but does not describe them in detail and has not produced

8    documents to support her alleged damages. Dkt. 38, Roundtree Decl. Ex. A.

9              As previously noted, Plaintiff must provide a computation of her damages and related

10   documents. Allstate is entitled to a calculation, estimate, or anticipated jury demand of Plaintiff's

11   purported past and future general damages and opportunity costs allegedly caused by Allstate,

12   along with the evidence supporting or refuting same. *See e.g.*, *Warren v. Bastyr Univ.*, No. 2:11-

13   CV-01800-RSL, 2013 WL 1412419, at *8 (W.D. Wash. Apr. 8, 2013) ("While plaintiff is not

14   expected to predict how the jury will react to the evidence at trial, the Federal Rules require her

15   to provide a computation related to each category of damages claimed and supporting documents

16   at the outset of the case"); *Sharma v. City of Vancouver*, No. C06-5688-BHS, 2007 WL

17   4376177, at *2 (W.D. Wash. Dec. 13, 2007) (requiring the plaintiff to provide a computation of

18   his non-economic damages and the evidentiary material supporting that computation).

19             Accordingly, the Court **GRANTS** Allstate's motion to compel further responses to Rog 7

20   and RFP 20 and **ORDERS** Plaintiff to provide a computation of her damages and to produce

21   related documents.

22

23             2.       Rog 16 and RFP 49

ORDER GRANTING MOTION TO COMPEL -
10

Rog 16 asks Plaintiff to identify the jury verdicts (*e.g.* case name, court, and case number) of the jury verdicts, which Allstate allegedly did not review, upon which Plaintiff expressly bases her claim that Allstate acted in bad faith. *See*, *e.g.*, Roundtree Decl., Ex. A (Rogs 7, 10). RFP 49 asks Plaintiff to produce the jury verdicts.

Plaintiff refused to respond to these requests, claiming attorney work product. In her opposition to the motion to compel, Plaintiff's counsel contends that her "research into the value of the subject claim is not ripe for discovery", she "recommended that Allstate perform its own research"; she did not invite Allstate "to invade [her] work product; and that she is not "on the payroll of the defense and takes offense" to producing this information. Dkt. 39 at 11-12.

However, because Plaintiff's bad faith, CPA, and IFCA claims are expressly premised on the allegation that Allstate did not review these particular verdicts, they are relevant and discoverable. While those materials can be withheld as work product, facts alone cannot. *Wells v. City of Monroe*, No. C04-1590L, 2005 WL 8172256 at *1 (W.D. Wash. July 11, 2005) (work product doctrine does not protect "facts contained within the work product"). Allstate does not seek counsel's research, mental impressions, or notes about the verdicts. Rather, Allstate seeks the case name, number, and court of the verdicts. This information is not protected by attorney work product.

The Court **GRANTS** Allstate's motion to compel further responses to Rog 16 and RFP and **ORDERS** Plaintiff to produce the case name, number, and court of the verdicts upon which she bases her bad faith claim.

## CONCLUSION

For the foregoing reasons, Allstate's motion to compel (Dkt. 37) is **GRANTED**. It is further **ORDERED** as follows:

ORDER GRANTING MOTION TO COMPEL - 11

(1)      Within **ten (10) days** of the date of this Order, Plaintiff shall fully respond to Rogs 3, 6, 7, 11, 13, 14, and 16 and shall produce all documents and communications responsive to RFP 49;

(2)      Within **ten (10) days** of the date of this Order, Plaintiff shall produce all documents and communications responsive to RFP 2-6, 14-20, 22-24, 26-27, 41-42, 46-48, including but not limited to, all non-privileged responsive emails, text messages, photographs, videos, and social media content, by submitting her cell phone, computer, laptop, tablet, and camera, as well as account log-in information for any email, social media (*e.g.* Facebook), and electronic or cloud storage accounts (*e.g.* iCloud), to Allstate's third-party e-discovery vendor.

(3)      Allstate's request for attorneys' fees and expenses pursuant to Fed. R. Civ. P. 37(a)(5) is **DENIED**.


DATED this 20th day of July, 2021.


_____
BRIAN A. TSUCHIDA
United States Magistrate Judge